**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

MOTION TO UNSEAL DOCUMENTS FOR AMICI CURIAE AND TO EXTEND
TIME TO FILE AMICI CURIAE BRIEFS

---

No. 13-4625(L),    <u>In re: Under Seal</u>
1:13-sw-00522-CMH-1, 1:13-dm-0022-CMH-1

Appellants, ■■■■■■ and ■■■■■■ (collectively "Appellants"), state the following in support of their motion to unseal the case, or in the alternative, for a protective order to allow potential amici curiae to view documents currently under seal that are the basis for this appeal. Pursuant to Federal Rule of Appellant Procedure 29(e), Appellants also ask this Court to extend time to file amicus briefs in support of Appellants' principal brief to October 24, 2013.

The district court ordered that the underlying case be sealed. As a result, only the United States' and Appellants' counsel are aware of the underlying facts and circumstances. Further, on appeal many identifiers and other information have to be redacted due to the sealing order. Some aspects of the case, however, have become public knowledge. Several organizations and entities have expressed an interest in filing amicus briefs to help provide context and inform the legal issue on appeal, which will have wide-ranging implications for online service providers such as ■■■■ and their users. In order to provide the most helpful briefing for the Court and ensure that

1

meaningful, well-informed amicus briefs can be filed, Appellants ask this Court to unseal the record below. In the alternative, the Court should give counsel for amici access to the record under a protective order.

The Court should also extend the time to file amicus briefs due to the fact that the underlying record has, to date, been sealed. The Appellants' principal brief in this matter is due on October 3, and amici briefs in support of Appellants are currently due October 10—little more than two weeks from the date of the filing of this motion. Fed. Rule App. P. 29(e). In order to allow amici ample time to digest the record and formulate arguments to this Court, the Court should extend the time within which amicus briefs may be filed to October 31, 2013.

### This Court Should Unseal the Record for Organizations and Entities Wishing to File Amicus Briefs

Under Fed. Rule App. Proc. R. 29, whether to allow an amicus brief is purely within the discretion of the court. Public interest organizations and internet service providers have spoken with counsel and expressed interest in participating in this appeal as amici based on details they have seen reported in the media. However, their ability to do so is hampered by the lack of availability of the record.

Since the underlying case is sealed, these potentially interested organizations have no access to the record below, which severely hinders if not completely negates their ability to file briefs that are likely to be helpful to the Court in deciding this case. Until Appellants file their brief in redacted form, the amici will not know the potential issues or how to frame their arguments.

2

Amicus briefs can be important to the disposition of issues before the Court because they do not necessarily represent the interests or argument of one side. Rather they allow the court to hear the position of entities and organizations not involved in the litigation. *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.C.S.C. 1974). Amicus briefs allow the Court to examine the interests of other individuals outside the more personal interests of the parties involved in the underlying litigation, which is particularly important in a case raising far-reaching issues of public importance—such as this one.

Therefore, this Court should unseal the Court's record for any entity or organization wishing to file an amicus brief in order to allow them the opportunity to identify potential issues and file appropriate briefs. In the alternative, the Court should make the record available to counsel for those organizations under a protective order.

### Court Should Extend Time to File Amicus Briefs

Since the underlying district court record is completely sealed and the record on appeal is subject to redaction and sealing, the Court should extend the time within which amicus briefs may be filed. Under Fed. Rule App. Proc. R. 29(e), the Court may extend the time to file an amicus brief. By default, an amicus only has 7 days from the filing of the principal brief to file its own brief with the court. Normally, amici have had an opportunity to review the record and are able to provide insights that are closely tailored to the facts before the Court.

Due to the district court's sealing order, the first document potential amici will be able to review in this case is Appellants' principal brief. Even after the brief is filed, portions of it will be redacted. Allowing only 7 days after the filing of Appellants' brief for amici to file supporting briefs will severely hinder the ability of the amici to file meaningful and well considered briefs. Amici will need more than 7 days to fully digest the issues and formulate arguments or points of view.

Therefore, in order to allow amici time to fully investigate the issues and prepare their briefs, this Court should extend the time for filing amicus briefs from 7 days to 28 days after filing of Appellants' principal brief.



**By Counsel**

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB# 79292
Bronley & Binnall, PLLC
10387 Main Street, Suite 201
Fairfax, Virginia 22030
(703) 229-0335 Telephone
(703) 537-0780- Facsimile
jbinnall@bblawonline.com
*Counsel for* ▓▓▓▓ *and* ▓▓▓▓

4

## Local Rule 27(a) Certificate

I certify that I have informed counsel for the United States of this Motion. Counsel for the United States objects to the relief requested in this Motion.

/s/ Jesse R. Binnall
Jesse R. Binnall

## Certificate of Service

I certify that on this 24th day of September, 2013, this Motion For Unsealing Of Sealed Court Records And Removal Of Non-Disclosure Order And Memorandum Of Law In Support was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

James L. Trump
Senior Litigation Counsel
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
jim.trump@usdoj.gov

Michael Phillip Ben'Ary
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

/s/ Jesse R. Binnall
Jesse R. Binnall